IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AXIS SURPLUS INSURANCE | § | |
| COMPANY a/s/o O'Neil & | § | |
| Associates, Inc., | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-11-3745 |
| | § | |
| MITSUBISHI CATERPILLAR | § | |
| FORKLIFT AMERICA INC., | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion to Dismiss [Doc. # 7] filed by

Defendant Mitsubishi Caterpillar Forklift America Inc. ("MCFA"), to which Plaintiff

AXIS Surplus Insurance Company ("AXIS") filed a Response [Doc. # 10], and

Defendant filed a Reply [Doc. # 13]. Having reviewed the full record and applicable

legal authorities, the Court **grants** the Motion to Dismiss, but **grants** leave for

Plaintiff to file an amended complaint asserting an equitable subrogation claim.

## I.    BACKGROUND

AXIS filed this lawsuit as subrogee to O'Neil & Associates, Inc. ("O'Neil").

In 2005, MCFA entered into a license agreement with the predecessor-in-interest to

Snap-On Business Solutions, Inc. ("SBS") for SBS to create and maintain MCFA's web-based electronic parts management system.

After a dispute arose between SBS and MCFA, MCFA contracted for O'Neil to create a parts management system. Specifically, Plaintiff alleges that on June 2, 2009, MCFA and O'Neil entered into a Consulting Services Agreement. To facilitate the work, MCFA agreed to provide O'Neil with all necessary user names and passwords to enable O'Neil to access the SBS website. Plaintiff alleges that O'Neil and MCFA amended the Consulting Services Agreement to include an agreement for MCFA to defend and indemnify O'Neil from any claims arising out of O'Neil's acquisition of source data from third parties ("Amended Indemnity Agreement").[1]

In July 2009, SBS sued O'Neil based on O'Neil's access to and operation of SBS's program with user names and passwords provided by MCFA. SBS asserted claims for violations of the Federal Computer Fraud and Abuse Act, a claim for trespass to chattels, breach of contract, copyright infringement, and misappropriation of trade secrets. O'Neil notified AXIS of the lawsuit and AXIS provided a defense. Following a May 2010 jury trial on all claims except the misappropriation of trade secrets claim, the jury returned a general verdict in favor of SBS for the sum of

---

[1]     Plaintiff uses the term "Amended Indemnity Agreement" to refer to the indemnity amendment to the Consulting Services Agreement. Although there is no reference to a prior "Indemnity Agreement," the Court adopts Plaintiff's terminology.

$658,000.00.  O'Neil and SBS subsequently settled the dispute and O'Neil obtained a full release of all claims SBS had against O'Neil and/or MCFA.  The total amount of the settlement plus defense costs was $1,000,000.00.  Based on the terms of the Amended Indemnity Agreement between O'Neil and MCFA, AXIS seeks reimbursement of that amount.

AXIS in this lawsuit asserts a breach of contract claim alleging a breach of the indemnity agreement, and an action for statutory contribution under Ohio state law. MCFA  moved to dismiss the complaint.[2]  The Motion to Dismiss has been fully briefed and is ripe for decision.

## II.   **STANDARD FOR MOTION TO DISMISS**

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is viewed with disfavor and is rarely granted.  *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009).  The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true.  *Id.*  The complaint must, however, contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face."

---

[2]     MCFA also filed a Request for Judicial Notice [Doc. # 8], asking the Court to take judicial notice of the Ohio court's Opinion and Order denying SBS's motion for expenses and attorney's fees and granting SBS's request for taxable costs.  The Court takes judicial notice of the Opinion & Order entered July 2, 2010, as a court record.

*See Ashcroft v. Iqbal*, 556 U.S. 662, ___, 129 S. Ct. 1937, 1949 (2009).  When there are well-pleaded factual allegations, a court should presume they are true, even if doubtful, and then determine whether they plausibly give rise to an entitlement to relief.  *Id.* at 1950.  Additionally, regardless of how well-pleaded the factual allegations may be, they must demonstrate that the plaintiff is entitled to relief under a valid legal theory.  *See Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997).

III.   **ANALYSIS**

   A.   **Breach of Contract Claim**

Plaintiff alleges that Defendant breached the Consulting Services Agreement, particularly the provisions of the Amended Indemnity Agreement, by failing to indemnify O'Neil for the costs of defense and settlement of the SBS lawsuit.  In order to prevail on a breach of contract claim, a plaintiff must establish the existence of a contract, the performance or tender of performance by the plaintiff, a breach by the defendant, and damages as a result of that breach.  *Bridgmon v. Array Sys. Corp.*, 325 F.3d 572, 577 (5th Cir. 2003).  Plaintiff has alleged each element.

Defendant argues that the Amended Indemnity Agreement is not a valid contract because it was superseded by the integration clause in the Consulting Services Agreement.  The Consulting Services Agreement was dated June 2, 2009.

It provides that the agreement can be amended by mutual written agreement of the parties. The topic line of the Amended Indemnity Agreement reflects that it is an "Amendment of that certain Consulting Services Agreement dated June 2, 2009." The Amended Indemnity Agreement was signed by O'Neil's representative on May 29, 2009, but the signature of MCFA's representative in not dated. As a result, the pleadings and the exhibits attached thereto do not establish the date the Amended Indemnity Agreement was executed and, therefore, Defendant has not established entitlement to dismissal of the breach of contract claim based on the assertion that the Amended Indemnity Agreement preceded the Consulting Services Agreement such that it is superseded by the merger clause of the Consulting Services Agreement.[3]

Defendant argues also that, even if the Amended Indemnity Agreement is valid, the breach of contract claim must be dismissed because the Consulting Services Agreement provides that O'Neil may not assign its rights, including the right to indemnity, without MCFA's prior written consent. Plaintiff concedes that MCFA did not give prior written consent for O'Neil to assign its right to indemnity to Plaintiff. Plaintiff argues, however, that it has a legal right of equitable subrogation. Although

---

[3]     Plaintiff argues that MCFA is barred by equitable estoppel from challenging the Amended Indemnity Agreement. Defendant notes correctly that Plaintiff has not alleged equitable estoppel. The Court concludes that amending the complaint to add allegations of equitable estoppel would be futile because, as discussed below, O'Neil had no ability under the Consulting Services Agreement to assign any rights, including a right to indemnity, without MCFA's written consent.

Defendant correctly notes that Plaintiff has not asserted a claim for equitable subrogation, such a claim may be included in the amended complaint.

### B.  Contribution Claim

Plaintiff asserts a claim for contribution pursuant to Ohio Revised Code § 2307.25(A).  *See* Original Complaint [Doc. # 1], ¶ 61.  The Ohio statute allows a claim for contribution from a joint tortfeasor where the plaintiff "has paid more than that tortfeasor's proportionate share of the common liability" but provides that there is no right to contribution in favor of a party "against whom an intentional tort has been alleged and established."  *See* OHIO REV. CODE § 2307.25(A); *Ballreich Bros., Inc. v. Criblez*, 2010 WL 2735733, *3 (Ohio App. 3rd July 12, 2010).

Although the jury in the underlying lawsuit by SBS against O'Neil returned a general verdict, the only claims submitted to the jury were federal statutory claims, a breach of contract claim, a copyright infringement claim, and a trespass to chattels claim.  As to the breach of contract claim, the right to contribution under the Ohio statute requires the existence of joint tortfeasors, and MCFA is not a joint tortfeasor with O'Neil on the breach of contract claim.  *See Hoffman v. Fraser*, 2011 WL 1782099, *8 (Ohio App. 11 May 6, 2011).

As to the remaining claims, contribution is not available because they are intentional torts.  Trespass to chattels is an intentional tort, occurring "when one

intentionally dispossesses another of chattel." *See Stainbrook v. Fox Broadcasting Co.*, 2006 WL 3757643, *4 (N.D. Ohio Dec. 19, 2006) (citing RESTATEMENT (SECOND) OF TORTS, § 217(a); *Conley v. Caudill*, 2003 WL 21278885, *2 (Ohio App. 4th May 30, 2003)).   Copyright infringement is also an intentional tort under Ohio law.  *See Stolle Machinery Co., LLC v. RAM Precision Industries*, 2011 WL 6293323, *8 (S.D. Ohio Dec. 15, 2011) (identifying copyright infringement as an intentional tort).   The claims based on the Federal Computer Fraud and Abuse Act, to the extent they could be construed as tort claims, require proof of intentional conduct.  *See Quaker Chem. Corp. v. Varga*, 509 F. Supp. 2d 469, 475 (E.D. Pa. 2007) (noting that Federal Computer Fraud and Abuse Act prohibits "intentional" access to a protected computer without authorization); 18 U.S.C. § 1030(a)(2) (whoever "intentionally accesses a computer without authorization or exceeds authorized access . . ."); 18 U.S.C. § 1030(a)(5) (whoever "knowingly causes the transmission of a program, information, code, or command, and as a result of such conduct, intentionally causes damages without authorization, to a protected computer . . .").

Plaintiff has failed to allege that it and MCFA were joint tortfeasors for any tort other than an intentional tort.  Consequently, Plaintiff has failed to allege a factual basis for contribution under Ohio law and Defendant is entitled to dismissal of this claim with prejudice.

## IV.    CONCLUSION AND ORDER

Based on the foregoing, the Court concludes that Plaintiff has failed to state a claim upon which relief can be granted under the Ohio contribution statute and has failed to assert a claim for subrogation apart from the parties' contract.  Accordingly, it is hereby

**ORDERED** that Defendant's Motion to Dismiss [Doc. # 7] is **GRANTED** with leave for Plaintiff to file an amended complaint in accordance with the Court's rulings herein by **January 13, 2012**.  It is further

**ORDERED** that MCFA's Request for Judicial Notice [Doc. # 8] is **GRANTED**.

SIGNED at Houston, Texas, this **27th** day of **December, 2011**.

Nancy F. Atlas
United States District Judge